UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

DONALD ROTH,                                    :

       Petitioner,                               :       ORDER

       -against-                                   :       09 Civ. 8712 (SCR) (LMS)

UNITED STATES OF AMERICA,                       :

       Respondent.                               :

------------------------------------------------------------ x

    Familiarity with the history of this matter is presumed.

    On October 14, 2009, Petitioner David Roth's Petition under 28 U.S.C. §2255 was filed. The Petition asserts 21 separate grounds for relief, and after the description of each ground the following appears: "***FULL BRIEFING OF THIS ISSUE WILL FOLLOW IN A SEPERATELY [sic] FILED MEMORANDUM OF POINTS AND AUTHORITIES." No memorandum of law has been filed as of the date of this Order.

    Also on October 14, 2009, Petitioner filed a document with the following heading:

        **MOTION FOR EXTENSION OF TIME**
        **MOTION FOR ORDER TO FILE MEMORANDUM OF LAW**
         MOTION FOR PRODUCTION OF LEGAL FILE
        **MOTION FOR APPOINTMENT OF COUNSEL**

This motion seeks to have the Clerk of the Court produce the entire case file from Petitioner's criminal trial, including matters pertaining solely to his co-defendants, on the grounds that he is *in forma pauperis*, and he is unable to obtain any of the legal records previously held by any of his counsel, because his wife, who allegedly possesses the records, has terminated all

communication with Petitioner. He also seeks an order directing his wife, who now apparently resides in Wisconsin, to produce all the notes and other information in her possession relating to Petitioner's case, including a laptop computer and backup drive. He seeks to have this Court order the Court Reporters to provide Petitioner a complete transcript of all proceedings, including pre-trial, trial, and post-trial proceedings, relating not only to his own case, but that of his co-defendants (there were originally five co-defendants).

The record from the criminal trial is extensive. The trial began on December 1, 2003, and ended on February 12, 2004, after 35 trial days. Petitioner claims that he paid for the transcripts in 2003, but that he no longer has access to the original transcripts, due to his wife's cessation of communication and assistance. Petitioner also seeks to have the motion sealed "because it contains private attorney-client information which will be used to support a 2255 petition." Petitioner seeks six months from the date he receives the sought-after documents to file his Petition;[1] in the alternative, he seeks 60 days from the date of any order to file his Memorandum of Law. Finally, Petitioner seeks appointment of counsel.

Attached to the motion identified above is a document entitled "MOTION TO COMPEL." Petitioner asserts that he has sought, through the Freedom of Information Act, records held by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, as well as the Federal Bureau of Investigation, pertaining to his criminal trial, has exhausted all administrative avenues for seeking such information, and invokes 5 U.S.C. §552(a)(4)(B) as a basis for this Court to have jurisdiction. He requests a hearing on the issue.

---

[1] Since Petitioner has already filed a Petition, albeit without a Memorandum of Law, the Court assumes he seeks six months to file his Memorandum of Law in support of the existing Petition.

By letter dated December 17, 2009, Respondent requests that the Court amend the scheduling order, which was issued after the Petition was filed, and which required Respondent to respond to the Petition within 60 days of the date of the scheduling order. The request for an amended scheduling order relies on the current state of the Petition, which is incomplete.

## Analysis – Petitioner's Motions

Petitioner has submitted to the Court an incomplete Petition, without the requisite supporting Memorandum of Law. See Local Civil Rule 7.1(a). Neither the Court nor Respondent are able to ascertain Petitioner's arguments from the unsupported claims in the Petition. However, Petitioner asserts that he is not able to prepare a Memorandum of Law, because he has no access to the trial transcript, although he or his representatives had it at one time.

Section 2250 of Title 28 provides that an indigent petitioner is entitled to have relevant court records produced without cost; the statute has been interpreted to require the petitioner to demonstrate need for the transcript or portion of transcript requested. See Robles v. Bradt, 08 Civ. 6115P, 2008 WL 4482359 at *1 (W.D.N.Y. Oct. 1, 2008)[2]; Nunez v. United States, 892 F.Supp. 528, 531 (S.D.N.Y. 1995); Bozeman v. United States, 354 F.Supp. 1262, 1263-64 (E.D. Va. 1973). Petitioner has made no effort to identify what portions of the transcript, and what portions of the Court file, are relevant to his twenty-one claims. Absent such specific identification of the relevant portions of the transcript, the application for court records, including a trial transcript, is denied. Petitioner may renew his motion, upon an appropriate

---

[2] In the spirit of Local Civil Rule 7.1(c), copies of the opinions with WestLaw cites are attached to the copy of this Order which is sent to Petitioner.

request.³

The purpose of the one year limitation for filing a motion under Section 2255 is to insure that issues such as those raised in this Petition are timely raised and resolved. The Court is not willing to leave the time within which Petitioner may file his Memorandum of Law open ended. However, Petitioner must be given some brief period of time within which to obtain any necessary documents. It is therefore Ordered that Petitioner may renew his motion within 30 days of this Order, identifying with specificity which portions of the record are needed in order for him to pursue his Petition. In the event that any such renewed motion is granted, in whole or in part, then Petitioner may have 45 days from the date of receipt of any documents ordered as a result of such motion to serve and file his Memorandum of Law. In the event that any such renewed motion is denied, then Petitioner may have 45 days from the date of receipt of such Order to serve and file his Memorandum of Law. In the event that Petitioner fails to renew his motion within 30 days of the date of this Order, then Petitioner is granted until March 8, 2010 (30 days plus 45 days from the date of this Order) to serve and file his Memorandum of Law. Any failure to file a Memorandum of Law in accordance with the dates set in this Order will be deemed a withdrawal of the Petition.

Petitioner's application to seal any of the submissions identified above is denied. He has put forth insufficient basis to warrant sealing of any of these documents.

Petitioner's application for an Order directed to his wife is denied. Assuming that Mrs. Roth is currently residing in Wisconsin, she is beyond the jurisdiction of this Court. She is not a

---

³ Section 2250 is not intended to permit a Petitioner to engage in a fishing expedition, culling an entire record at government expense in order to find a colorable claim. See Bozeman, 354 F.Supp. at 1263.

party to this action. There is no legal basis for issuing any such Order in this matter.

Petitioner's application for appointment of counsel is denied.[4] A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." Burgos, 14 F.3d at 789; 28 U.S.C. § 1915(e) (*formerly* 28 U.S.C. § 1915(d)). Indeed, appointment of *pro bono* counsel must be done judiciously in order to preserve the "precious commodity" of volunteer lawyers for those litigants who are truly needy. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989). Since the current Petition brought under § 2255 is a civil matter, the standard outlined in Hodge v. Police Officers governs a review of Petitioner's request for counsel.

In Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), the United States Court of Appeals for the Second Circuit established strict guidelines for reviewing an application for appointment of counsel. Under the Hodge standard, a court must first determine "whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61; Cooper, 877 F.2d at 172 ("The factor which [should] command[] the most attention . . . [is] the merits" of a case). If an application meets this threshold requirement, the district court must further consider the Petitioner's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case

---

[4] It is something of a misnomer to refer to "appointment of counsel" in a civil case, such as this one. The Court does not appoint counsel in such a case; rather, in cases which merit consideration by volunteer attorneys, the case file would be submitted to the *Pro Bono* panel of attorneys who have agreed to consider taking such cases, to ascertain whether an attorney is willing to undertake representation in the case. Even if a case is referred to the *Pro Bono* panel there is no guarantee that an attorney would agree to handle the case.

without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 61-62; Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997).

In the absence of a Memorandum of Law the Court is unable to ascertain whether the Petition raises any issues of substance. Even without considering that factor, Petitioner is not entitled to have his case referred to the *Pro Bono* panel. Petitioner has failed to establish that he has made efforts to obtain counsel. Additionally, unlike the vast majority of *pro se* litigants, Petitioner has the benefit of having been formally educated as an attorney. Although he is no longer licensed to practice law, he is competent to represent himself for purposes of the Petition. The issues raised in the Petition are not so complex that a person of his ability would be unable to pursue them. Thus, applying the Hodge factors, I deny the application for appointment of counsel.

The Motion to Compel is not properly made to this Court. The provision cited, 5 U.S.C. §552(a)(4)(B), references filing a new complaint in the appropriate District Court, in order to pursue the Freedom of Information Act question; that statute does not grant the Court authority to consider a motion for such relief in this case.

The various motions for hearings on these requests are all denied. There has been no basis for a motion to be filed.

## Analysis – Respondent's Motion

Respondent's motion for an amended Scheduling Order is granted. Respondent is granted 60 days from the filing of any Memorandum of Law by Petitioner in this matter to serve and file its response.

## Conclusion

It is therefore ORDERED that Petitioner's motion for a copy of the transcript of all court proceedings in the underlying criminal case, and for a copy of the entire court file is denied, without prejudice to renew under 28 U.S.C. § 2250, with appropriate demonstration of need for particular portions of the transcript and court file. Any such renewed motion must be served and filed within 30 days of the date of this Order. If any renewed motion is granted, in whole or in part, Petitioner is granted 45 days from the date of receipt of any documents ordered as a result of such motion to serve and file his Memorandum of Law; if any renewed motion is denied, then Petitioner is granted 45 days from the date of receipt of such Order to serve and file his Memorandum of Law. If Petitioner fails to renew his motion within 30 days of the date of this Order, then Petitioner is granted until March 8, 2010 (30 days plus 45 days from the date of this Order) to file his Memorandum of Law. A failure to file a Memorandum of Law in accordance with the dates set herein will constitute a withdrawal of the Petition.

It is further ORDERED that Petitioner's application to seal the Motion is denied.

It is further ORDERED that Petitioner's motion for an Order directed to his wife is denied.

It is further ORDERED that Petitioner's application for appointment of counsel is denied.

It is further ORDERED that the Motion to Compel ATF and the FBI to produce records under the Freedom of Information Act is denied.

It is further ORDERED that Petitioner's requests for hearings on the various motions are denied.

It is further ORDERED that Respondent's motion for an amended Scheduling Order is

granted. Respondent is granted 60 days from the filing of any Memorandum of Law by Petitioner in this matter to serve and file its response.

The Clerk is directed to terminate docket item #2.

Dated: December 23, 2009
       White Plains, New York

SO ORDERED

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Copies of this Order have been sent to:

Donald Roth, Petitioner
#83933054 K1
FCI Sandstone
Post Office Box 1000
Sandstone, MN 55072

Benjamin Allee
Assistant United States Attorney
Office of the United States Attorney
Charles L. Brieant, Jr. Fed. Bldg. & U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601