UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

DONALD ROTH,                                    :

        Petitioner,                        :            **ORDER**

        -against-                          :            **09 Civ. 8712 (SCR) (LMS)**

UNITED STATES OF AMERICA,               :

        Respondent.                        :

--------------------------------------------------------x

**Lisa Margaret Smith, U.S.M.J.**

On December 23, 2009, the undersigned issued an Order adjudicating the issues raised by

Petitioner Donald Roth's submission entitled, "**MOTION FOR EXTENSION OF TIME,**

**MOTION FOR ORDER TO FILE MEMORANDUM OF LAW,** MOTION FOR

PRODUCTION OF LEGAL FILE, **MOTION FOR APPOINTMENT OF COUNSEL.**" <u>See</u>

Docket # 7.  The Court's Order concluded as follows:

> It is therefore ORDERED that Petitioner's motion for a copy of the
> transcript of all court proceedings in the underlying criminal case, and for
> a copy of the entire court file is denied, without prejudice to renew under
> 28 U.S.C. § 2250, with appropriate demonstration of need for particular
> portions of the transcript and court file.  Any such renewed motion must
> be served and filed within 30 days of the date of this Order.  If any
> renewed motion is granted, in whole or in part, Petitioner is granted 45
> days from the date of receipt of any documents ordered as a result of such
> motion to serve and file his Memorandum of Law; if any renewed motion
> is denied, then Petitioner is granted 45 days from the date of receipt of
> such Order to serve and file his Memorandum of Law.  If Petitioner fails to
> renew his motion within 30 days of the date of this Order, then Petitioner
> is granted until March 8, 2010 (30 days plus 45 days from the date of this
> Order) to file his Memorandum of Law.  A failure to file a Memorandum
> of Law in accordance with the dates set herein will constitute a withdrawal

of the Petition.

It is further ORDERED that Petitioner's application to seal the Motion is denied.

It is further ORDERED that Petitioner's motion for an Order directed to his wife is denied.

It is further ORDERED that Petitioner's application for appointment of counsel is denied.

It is further ORDERED that the Motion to Compel ATF and the FBI to produce records under the Freedom of Information Act is denied.

It is further ORDERED that Petitioner's requests for hearings on the various motions are denied.

It is further ORDERED that Respondent's motion for an amended Scheduling Order is granted.  Respondent is granted 60 days from the filing of any Memorandum of Law by Petitioner in this matter to serve and file its response.

Id. at 7-8.

In response to the Court's Order, Petitioner filed a Consolidated Motion to Reconsider, Docket # 9, and a Supplemental Motion to Renew/Reconsider, Docket # 12, both of which purport to particularize the documents needed by Petitioner for the purposes of writing a memorandum of law in support of his § 2255 petition.  In addition, Petitioner filed a Motion for Discovery, Docket # 8, which is, in essence, a motion to compel disclosure of the documents he seeks through his Freedom of Information Act ("FOIA") requests.  Petitioner also continues to seek an Order from this Court directing his wife to produce all documents in her possession related to his criminal case, see Docket # 12 at 6, as well as appointing counsel to represent him in this civil action, see Docket #'s 9, 12.

A review of Petitioner's Consolidated Motion to Reconsider and Supplemental Motion to

Renew/Reconsider, Docket #'s 9, 12, demonstrates that Petitioner continues to seek nothing less than the entire file related to the criminal case against both himself as well as his co-defendants.[1] The Court notes that in a letter addressed to Judge Robinson dated January 25, 2010 (a copy of which is attached hereto), Petitioner indicates that he is now in possession of a CD-ROM containing a complete copy of the trial transcript. Consequently, those portions of his applications which seek the trial transcript are now moot. With respect to the remainder of the records sought from the court file, Petitioner has failed to elucidate how those records correlate to any legal arguments he might make in support of his § 2255 petition. Therefore, he has failed to demonstrate "a sufficient need" for their production. Williams v. Greene, No. 04-cv-04507, 2007 WL 2711631, at *2 (E.D.N.Y. Sept. 13, 2007).[2]

In accordance with the Court's October 21, 2009, Order, in answering the Petition, Respondent is directed to "submit any documents, including but not limited to the transcript of the applicable proceeding, copies of all briefs, memoranda, etc. and decisions applicable to this petition." Docket # 4.[3] If, following receipt of Respondent's answering papers, Petitioner can demonstrate a need for production of any additional records in order to file his reply, then he may renew his application to the Court at that juncture. See Williams, 2007 WL 2711631, at *2 (granting § 2250 application where petitioner showed need for transcripts in order to respond to

---

[1]To the extent that Petitioner seeks additional documents not found within the court file, e.g., correspondence with his former attorneys, he stated in his initial motion, Docket # 2, and again in his Supplemental Motion to Renew/Reconsider, Docket # 12, that his wife is in possession of such documents.

[2]A copy of this unpublished opinion is attached to the copy of this Order which is sent to Petitioner.

[3]It appears that Docket # 5 is a duplicate of that Order.

respondent's opposition to his petition).

As stated in the Court's previous Order with respect to Petitioner's Motion to Compel the production of records held by the Bureau of Alcohol, Tobacco, Firearms, and Explosives as well as the Federal Bureau of Investigation pertaining to his criminal trial, such motion "is not properly made to this Court.  The provision cited, 5 U.S.C. § 552(a)(4)(B), references filing a new complaint in the appropriate District Court, in order to pursue the Freedom of Information Act question; that statute does not grant the Court authority to consider a motion for such relief in this case."  Docket # 7 at 6.  Insofar as Petitioner attempts to circumvent the statutory requirement by re-labeling his motion as a "Motion for Discovery" under Rule 6 of the Rules Governing Section 2255 Proceedings, such motion is denied.

Likewise, for the reasons stated in the Court's previous Order, Docket # 7, Petitioner's renewed application for an Order directing his wife to provide any documents in her possession is denied, as is his renewed application for the appointment of counsel.  To the extent that Petitioner bases his application for the appointment of counsel on the assertion that an evidentiary hearing is warranted, the Court has yet to determine whether a hearing is necessary. See Rule 8(a) of the Rules Governing Section 2255 Proceedings ("If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.").  If the Court determines that an evidentiary hearing is warranted, then counsel shall be appointed in accordance with Rule 8(c) of the Rules Governing Section 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

## CONCLUSION

For the foregoing reasons, it is therefore ORDERED that Petitioner's renewed motion under 28 U.S.C. § 2250 is denied, without prejudice to renew at a later stage of the proceedings, upon an appropriate demonstration of need for particular portions of the court file in the underlying criminal case.  Consistent with the Court's December 23, 2009, Order (Docket # 7), the briefing schedule is as follows:

(1) Petitioner has 45 days from the date of receipt of this Order to serve and file his Memorandum of Law; and

(2) Respondent is granted 60 days from the filing of any Memorandum of Law by Petitioner in this matter to serve and file its response.

In accordance with the Court's original scheduling order (Docket # 4), Petitioner has 30 days from the date of the filing of the answer to serve and file his reply.  In light of this ruling, it is further ORDERED that Petitioner's Motion to Reconsider (Docket # 14), which seeks reconsideration of the Court's previous Order denying a stay of these proceedings, is denied.

It is further ORDERED that Petitioner's Motion for Discovery is denied.

It is further ORDERED that Petitioner's renewed motion for an Order directed to his wife is denied.

It is further ORDERED that Petitioner's renewed application for appointment of counsel is denied.

The Clerk is directed to terminate Docket #'s 8, 9, 12, and 14.

Dated: April 2, 2010
       White Plains, New York

**SO ORDERED,**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Copies of this Order have been sent to:

Donald Roth, Petitioner
#83933054 K1
FCI Sandstone
Post Office Box 1000
Sandstone, MN 55072

Benjamin Allee
Assistant United States Attorney
Office of the United States Attorney
Charles L. Brieant, Jr. Fed. Bldg. & U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601